Houston & Texas Central Railway Company v. J. W. Bowen.

Decided May 21, 1904.

**1.—Railroads—Brakeman Killing Trespasser on Train—Mental Anguish.**

In an action by parents for the killing of their son by a brakeman on a freight train, the son being a trespasser thereon, and for mental anguish resulting from the mutilation of his body, which was thrown by the brakeman under the wheels of the train, the court held the evidence insufficient to bind the defendant railway company for the killing of the son and instructed to that effect, but submitted the question as to liability for mutilating the body. Held, that such mutilation of the body, done to conceal the crime, was so intimately connected with the wrongful act of killing that it can not be considered as a separate cause of action, and the court erred in so submitting it.

**2.—Same—Liability of Railroad for Brakeman's Act—Issue Raised.**

There being evidence that brakemen customarily ejected passengers from freight trains, though that duty was delegated to conductors by the rules of the company, the court should have submitted to the jury the questions whether or not, under the evidence, the brakeman was attempting to eject the son and had authority to perform that duty.

**3.—Same—Rule as to Liability.**

Where a servant has authority to do a certain thing and in attempting to do it he does wrong, the master is liable for the wrong; but if the servant is not acting within the scope of his authority nor in the master's interest, the master is not liable.

Appeal from the District Court of Freestone. Tried below before Hon. L. B. Cobb.

*Williams & Bradley* and *Andrews & Ball,* for appellant.

*William H. Allen,* for appellee.

RAINEY, Chief Justice.—Appellee sued appellant to recover damages for the death of his son, Thomas F. Bowen, and the mutilation of his dead body. Plaintiff alleged in effect that Thomas Bowen boarded a south-bound freight train of appellant at Corsicana, and when near Wortham, in Freestone County, with the train moving rapidly, a brakeman, acting within the scope of his authority and in accordance with custom, ordered said Thomas Bowen off the train, and for the purpose of expelling him therefrom, shot and killed him, either willfully, wantonly and maliciously, or by recklessly firing a pistol. It was further alleged that after the killing the brakeman, Galloway, acting within the scope of his authority, for the purpose of removing the body from the train, threw it from the car under the moving train, whereby it was greatly mangled and mutilated. There were also allegations as to the cruel disposition and drinking habits of the conductor and brakeman; that they were reckless and regardless of the life and safety of others, and wholly unfit for the duties assigned them, which was or ought to have been known to defendant, and the negligence of defendant in selecting and retaining them caused the death of said Thomas Bowen.

Plaintiff's prayer was to recover actual damages for loss of contributions by reason of his son's death, and for mental anguish, humiliation

and pain, caused by the mutilation of his son's body, and exemplary damages on account of the character of defendant's employes and their wanton acts.

Defendant's special exception to plaintiff's prayer for exemplary damages was sustained, and its special exception to allegations of pain and humiliation on account of the mutilation of the dead body and prayer for damages therefor were overruled, and the cause tried on the amended petition and defendant's general denial and special plea in bar, saying, in substance, that plaintiff's son was a trespasser upon its freight train, which was not permitted to carry passengers, and that if any of the acts complained of were committed by defendant's employes, such acts were the acts of the brakeman, Galloway, not authorized by, consented to, or ratified by defendant, and not done in the discharge of any duty owed defendant, nor in furtherance of its business, nor within the scope of any express or implied authority from defendant.

The case went to the jury alone upon the issue of defendant's liability for mental anguish, pain and humiliation suffered by plaintiff on account of the mutilation of his son's body, the evidence, in the opinion of the court, failing to justify submitting the issue of defendant's liability for the shooting of plaintiff's son by the brakeman. On September 24, 1903, there was rendered verdict and judgment for plaintiff for $1000.

The defendant interposed a special demurrer to that portion of the petition which sought to recover damages for the mutilation of the body. This exception was overruled by the court. The court, after hearing the evidence, regarded it insufficient to bind the defendant for the killing of the son, and instructed that no recovery could be had against the defendant for the killing, but submitted the question as to liability for the mutilation of the body, and the jury rendered a verdict for $1000 against defendant. The mutilation of the body was so intimately connected with the wrongful act of Galloway (the brakeman) in killing young Bowen that it can not be considered as a separate cause of action, and under the circumstances the court erred in so submitting it. The measure of damages for the killing of another is the pecuniary loss sustained by the death. Mental anguish is not an element of damages in such cases. Storrie v. Marshall, 27 S. W. Rep., 224; McGown v. Railway Co., 85 Texas, 924. It seems that Galloway, in throwing the body from the train, was acting for himself and was not performing a duty owing the railway company, but the act was done evidently to cover up and conceal his wrongful act, for which the company should not be held liable.

Appellee presents cross-assignments of error to the effect that the court erred in failing to submit to the jury the issue of right of recovery for the killing. The evidence shows that Thomas Bowen was a trespasser upon a freight train of defendant. When the train was going up a long grade Galloway was seen talking to Bowen, when he drew a pistol and shot and Bowen fell in the car in which he was riding. The next day Bowen's body was found below Mexia frightfully mangled and

mutilated, evidently by the train running over it, and there was a bullet hole in his forehead. There was evidence that brakemen customarily ejected passengers, though that duty was delegated to conductors by the rules of the company. Whether or not, under the evidence, the brakeman was attempting to eject young Bowen and had authority to perform that duty are questions that should have been submitted to the jury, for their determination. When a servant has authority to do a certain thing and in attempting to do it he does a wrong, the master is liable for the wrong. If the servant is not acting within the scope of his authority and not in the master's interest, the master is not liable for the acts of the servant.

The judgment of the lower court is reversed and the cause remanded for another trial.

*Reversed and remanded.*